■ JOHN G. CARR, an Infant, by His Father and Natural Guardian, JOHN A. CARR, Appellant, v. ALLIED AVIATION SERVICE CORPORATION et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, dated April 24, 1972, which granted defendants' cross motion to dismiss the complaint on the ground that it was barred by the Statute of Limitations and which did not pass upon plaintiff's motion to compel the attorneys for defendants to accept service of the complaint and to amend the caption of the action. Order reversed, defendants' cross motion denied and plaintiff's motion granted, all upon condition that plaintiff's attorney shall personally pay respondents a total of $250 within 10 days after entry of the order hereon; and defendants' attorneys are directed to accept service of the complaint

within 10 days after payment of said $250. In the event said payment is not made as herein directed, the order is affirmed, with $50 costs and disbursements. The commencement of a prior action on behalf of plaintiff during his infancy does not prevent the application of CPLR 208 to the claim at bar. That tolling statute is clear and unambiguous. Its benefits are available to plaintiff (cf. *O'Leary* v. *Brown Seal Realty Corp.*, 33 A D 2d 764). The 24-day delay in the service of the complaint in response to the demand therefor was not such as should result in a dismissal of the action. Nonetheless, the continued failure of plaintiff's attorney to comply with the rules of the court in this action and in the prior action warrants the imposition of personal costs as a precondition to the reinstatement of this action. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.